**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RONALD SATISH EMRIT,

                      Plaintiff,

      v.                                    1:23-CV-1155
                                                          (TJM/CFH)

THE GRAMMYS AWARDS ON CBS, d/b/a
The Recording Academy/National Academy of
Recordings Arts and Sciences,

                      Defendant.

---

**APPEARANCES:**

Ronald Satish Emrit
6665 38th Lane East
Sarasota, Florida 34243
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Ronald Satish Emrit purported to commence this action on September 8, 2023, by filing a complaint and an application for leave to proceed in forma pauperis ("IFP"). Dkt. Nos. 1 ("Compl."), 2. After reviewing plaintiff's in forma pauperis application, plaintiff qualifies to proceed IFP.[1]

### II. Legal Standard

---

[1] Plaintiff is still required to pay any and all costs or fees he may incur in this action.

Section 1915(e)[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d

---

[2] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).  First, a financial assessment is performed, and if the plaintiff is determined to be financially qualified, the Court must then perform an initial review of the complaint pursuant to section 1915.  This is true of any plaintiff who seeks to proceed IFP, regardless of their incarceration status.

Cir. 1983).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) .

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[3]  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

>  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>  (3) a demand for the relief sought . . . .

---

[3] Except where noted otherwise, the Court has provided plaintiff with copies of any unpublished cases cited herein.

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not

4

suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III. **Complaint**

Plaintiff states that he resides in both Florida and Maryland. See generally Compl. Plaintiff lists his address as Sarasota, Florida, and signs his complaint with the Sarasota, Florida address. See Compl. at 7. Elsewhere in the complaint he states his "current mailing address" is located in Bowie, Maryland. See id. at 2. Plaintiff indicates that he seeks to sue, as "the sole defendant The Grammys on CBS d/b/a The Recording Academy/NARAS," for $45 million in "punitive, compensatory, and treble damages." Id. at 1.

Plaintiff indicates that his "Grammys membership" was not reinstated because he is "a black man or African-American," and that if he were white, his membership would have been reinstated. Compl. at 2, 5. Plaintiff avers that Robert Accatino, "of the Los Angeles chamber of the Grammy Awards," "is a racist Latino man" who terminated his membership in 2010. Id. at 2. Plaintiff contends that the termination of his membership, or failure to reinstate it, violates "the Civil Rights Act of 1964." See id. at 5-6. Plaintiff also contends that a variety of celebrities, musicians, and professional athletes that the Grammy Awards has apparently supported or endorsed in the past are "very sick" people who he believes to be racist, homophobic, antisemitic, or pedophiles. Id. Plaintiff also indicates that "this lawsuit should be a class action lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure" because it is "substantially similar to the litigation brought by Brian Flores of the Miami Dolphins in the National Football League (NFL) regarding head coach positions in the NFL." Id. at 6. Plaintiff also advises the Court of his intent to marry a woman who lives in Ukraine and provides the Court with her "Whatsapp" contact number. See id.

## IV. Discussion

Plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff references Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., contending that his "membership" to the Grammys was terminated because he is a black man. See Compl. Plaintiff, without any explanation as the applicability or relevance of these statutes or constitutional provisions, contends he also seeks to proceed pursuant to the "Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Id. at 2.

Firstly, even if plaintiff's membership was terminated or not reinstated, as plaintiff alleges, due to his race, plaintiff has fully failed to show how the Title VII of the Civil Rights Act applies here.  Title VII protects employees and job applicants from discrimination on the basis of race, color, religion, sex, or national origin.  Plaintiff provides no factual support to suggest that he was an applicant for employment with the Grammys or a Grammys employee; thus, he does not show that he suffered an adverse <u>employment</u> action, as required to establish a prima facie Title VII discrimination claim.  <u>See</u>, <u>e.g.</u>, <u>Farias v. Instructional Sys., Inc.</u>, 259 F.3d 91, 98 (2d Cir. 2001) (setting forth steps needed to set forth prima facie Title VII employment discrimination claim).

Similarly, as plaintiff has not shown that The Grammys, a private actor, was acting under the color of state law, he cannot seek relief for a violation of any constitutional rights pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>White v. Monarch Pharm., Inc.</u>, 346 F. App'x 739, 740 (2d Cir. 2009) (summary order) ("Private actors . . . generally are not proper defendants to a 42 U.S.C. § 1983 action, because they do not act under color of state law.").

Next, plaintiff fails to demonstrate the applicability of the ADA to his claims.  In the complaint, plaintiff makes a single, unexplained reference to the ADA and an isolated statement that he is disabled.  <u>See</u> Compl. at 2 ¶7.  Plaintiff fully fails to show how defendant violated the ADA.  To the extent he is suggesting that The Grammys discriminated against him on the basis of a disability – a claim his complaint does not explicitly make – such claim fails for several reasons.  First, even if plaintiff had sufficiently demonstrated that The Grammys discriminated against him by terminating or refusing to "renew" his membership because of a qualifying disability, plaintiff has not

demonstrated how the ADA applies.  This is not a claim involving employment (Title I), a service of the state of local government or public transit (Title II), public accommodation (Title III), or telecommunications (Title IV).

However, even if plaintiff were able to overcome all of these hurdles, there is a statute of limitations issue.  Plaintiff contends that his Grammys membership was revoked in 2010, and he commenced this action in 2023.  Section 1983 claims have a three-year statute of limitations.  See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  Thus, even if plaintiff was somehow able to show that defendant was acting under color of state law and violated his constitutional rights in 2010, the statute of limitations for a section 1983 claim would have expired in 2013.  Similarly, plaintiff's complaint does not offer any indication that equitable tolling applies.  See generally Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (noting that in "rare and exceptional circumstances" there may have been "extraordinary circumstances" preventing a party from "timely performing a required act" despite that party "act[ing] with reasonably diligence throughout the period he [sought] to toll.")

Similarly, plaintiff has not demonstrated exhaustion of his administrative remedies for his Title VII and ADA claims.  See, e.g., Constantine v. U-Haul Int'l Inc., No. 1:15-CV-1204 (MAD/CFH), 2015 WL 13744409, at *1 (N.D.N.Y. Oct. 9, 2015), report and recommendation adopted, No. 1:15-CV-01204 (MAD/CFH), 2015 WL 7272211 (N.D.N.Y. Nov. 16, 2015) (quoting McNight v. Dormitory Auth. of State of N.Y., 995 F. Supp. 70, 76 (N.D.N.Y. 1998) ("Title VII requires a claimant who desires to bring a suit in federal court to file a charge of discrimination with the EEOC within one

hundred eighty (180) days 'after the alleged unlawful employment practice occurred,' or within three hundred 300 days of the alleged discrimination if the claimant 'has initially instituted proceedings with a State of local agency with authority to grant or seek relief . . . or to institute criminal proceedings.'"). "A right to sue letter is also a statutory prerequisite to suit under the ADA." Constantine, 2015 WL 13744409, at *1.  As plaintiff has not demonstrated that he timely filed EEOC claims or that any right to sue letter would be timely, the Court lacks subject matter jurisdiction over any Title VII or ADA claims.  See, e.g., Mount Sinai Medical Ctr., 882 F. Supp. 353, 355 (S.D.N.Y. 1995) (dismissing ADA complaint for lack of subject matter jurisdiction where the plaintiff did not demonstrate filing of an EEOC claim and right to sue letter before commencing federal action).  Accordingly, it is recommended that plaintiff's ADA and Title VII claims be dismissed.

Further, plaintiff has failed to show that venue is proper in the Northern District of New York.  Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "[A] plaintiff's residence is irrelevant to the venue inquiry . . . ." Kim v. Saccento, No. 21-2865, 2022 WL 9583756, at *1 (2d Cir. Oct. 17, 2022) (summary order), cert. denied, 143 S. Ct. 1750 (2023).

"When a case is filed in a district in which venue is improper, the court 'shall dismiss' the case or, 'if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.'" Hines v. N.Y. State Off. of Temp. & Disability Assistance Staff, No. 1:21-CV-601 (DNH/ATB), 2021 WL 2313630, at *2 (N.D.N.Y. June 7, 2021) (quoting 28 U.S.C. § 1406(a)) (emphasis omitted), report and recommendation adopted, 2021 WL 2636427 (N.D.N.Y. June 24, 2021);[4] see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").  "Transfer should be the usual remedy for improper venue." Tobias v. Yale New Haven Health Servs. Corp., No. 20-CV-8539 (NSR), 2022 WL 1157243, at *1 (S.D.N.Y. Apr. 19, 2022).

Plaintiff has provided that the defendant is not based in New York.  Further, he does not indicate that the incident over which he complains of occurred within the Northern District of New York.  See Compl. at 2.  Within his complaint, plaintiff does not address venue directly, but acknowledges that this Court does not have "personal or subject matter jurisdiction over this issue." Id.  Plaintiff then conflictingly asserts that this court has jurisdiction "because there is complete diversity of jurisdiction between Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas." Id.  He then contends that "[a]s an Article III court, the U.S. District Court for the Northern District of New York has subject matter jurisdiction over the present case at bar" because he alleges to have raised claims under "Title VII

---

[4] All unpublished decisions cited in this Order have been provided to plaintiff, unless noted otherwise.

of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Id. Plaintiff appears to confuse venue with jurisdiction.

Plaintiff appears to have chosen the Northern District of New York at random. Indeed, plaintiff has commenced a plethora of actions in various courts regarding the same claims against the Grammys, as well as against several other defendants, that courts have dismissed as frivolous. See, e.g., Emrit v. National Academy of Recording Arts and Sciences, No. A-14-CA-392-SS, 2015 WL 518774 (W.D. Tx. Feb. 5, 2015) (quoting Emrit v. S. by Sw. Conference (SXSW), No. A-14-CV-936-LY 2014 WL 5524219, at *4 (W.D. Tx. Oct. 31, 2014)[5] ("Within the last three years, Emrit has filed 'at least fifty[6] federal lawsuits across the country alleging a litany of frivolous claims against various defendants.").[7] It appears plaintiff may have sought to commence this instant action in this Court because the Western District of Texas barred plaintiff "from filing any additional lawsuits in the Western District of Texas without first obtaining leave from a Federal District Judge in the Western District of Texas, Austin Division, or a Judge of the United States Court of Appeals for the Fifth Circuit" and noted that the "Southern District of New York has already barred Emrit from filing any further actions without permission from a judge of this district." Emrit v. National Academy of Recording Arts

---

[5] As this case is one in which plaintiff was a party, he would have been given a copy. Thus, the Court is not providing a copy.
[6] Indeed, a Westlaw search of plaintiff's name reveals plaintiff's total number of lawsuits filed to be significantly higher as he has commenced scores of lawsuits in district courts across the nation and filed numerous appeals in federal circuit courts.
[7] Plaintiff commenced an action in this Court last year, 1:22-CV-1159 (MAD/DJS), Emrit v. Special Agent in Charge of FBI Field Office, that this Court transferred to the Southern District of New York. Plaintiff sought to file an interlocutory appeal of that transfer. He has continued to file several documents in that case, despite it being transferred and closed. It would appear that plaintiff attempted to commence that action in this District in an attempt to avoid the Southern District of New York's bar order.

and Sciences, 2015 WL 518774, at *4.  However, venue in the Northern District of New York is improper as defendants do not reside in New York, and none of the actions complained of occurred in the Northern District of New York, and plaintiff has not demonstrated that this District has personal jurisdiction over defendant.

Due to the lack of clarity in plaintiff's complaint, it is not clear what in what judicial district venue would be proper.  Rather than transfer to another District that also may be an improper venue, given that the complaint is clearly frivolous on its face, the undersigned determines that reaching the merits is appropriate.

Although this Court generally hesitates to dismiss a case against a pro se plaintiff without affording an opportunity to amend, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  This Court has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may sua sponte dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

It is clear that the claims plaintiff raises here are frivolous and that a better pleading cannot cure them.  As the Western District of Texas noted in their decision, plaintiff has been repeatedly warned, by several courts, against filing "frivolous and vexatious" claims.  Plaintiff herein seeks to raise claims that are both brought against a defendant against whom the statute cannot provide relief and claims barred by the statute of limitations.  Furthermore, the same claims, involving the same facts and same defendant have already been dismissed by other district courts as frivolous.   Despite plaintiff being a pro se plaintiff, the undersigned determines dismissal of this complaint with prejudice and without opportunity to amend to be warranted.

Given plaintiff's vexatious history of filing significant numbers of frivolous actions, it is further recommended that, if the District Judge adopts this Report-Recommendation & Order, the District Judge warn plaintiff that if he is to file further frivolous actions in this district, a bar order may result.

### V. Conclusion

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's IFP application, Dkt. No. 2, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1, be **DISMISSED WITH PREJUDICE** in its entirety; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, the District Judge warn plaintiff that if he is to file further frivolous actions in this district, a bar order may be recommended to be imposed; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order, along with copies of unpublished cases, on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[8]

Dated: October 6, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[8] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen- (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).