**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RONALD SATISH EMRIT,

                                    Plaintiff,

v.                                                               1:23-cv-01155 (AMN/CFH)

THE GRAMMYS AWARDS ON CBS, d/b/a
The Recording Academy/National Academy of
Recordings Arts and Sciences (NARAS),

                                    Defendant.

---

**APPEARANCES:**                                              **OF COUNSEL:**

**RONALD SATISH EMRIT**
Sarasota, FL 34243
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On September 8, 2023, Plaintiff *pro se* Ronald Satish Emrit ("Plaintiff"), filed a complaint against Defendant The Grammys Awards on CBS, doing business as The Recording Academy/National Academy of Recording Artists and Sciences (NARAS) ("Defendant"), seeking forty-five million dollars in punitive, compensatory, and treble damages. Dkt. No. 1 (the "Complaint"). Specifically, Plaintiff alleges that his "Grammys membership" was not reinstated because he is "a black man or African-American," in violation of "the Civil Rights Act of 1964" and the "Americans with Disabilities Act of 1990 (the "ADA"), Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." *Id*. at 2, 5-6.[1] Along

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic

with his Complaint, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

The action was referred to United States Magistrate Judge Christian F. Hummel, who, on October 6, 2023, issued a Report-Recommendation and Order granting Plaintiff's IFP motion and recommending that the Complaint be dismissed in its entirety, with prejudice. Dkt. No. 4 (the "Report-Recommendation") at 13-14. Despite being advised as to the procedure for objecting to the Report-Recommendation, *see id*. at 14 & n.8, Plaintiff opted instead to file an interlocutory appeal to the United States Court of Appeals for the Second Circuit on October 10, 2023. Dkt. Nos. 5-6. On December 1, 2023, the Second Circuit issued an Order noting that the Report-Recommendation "appears to be non-appealable" and directing Plaintiff to file a letter "(1) setting out the claimed basis for this Court's jurisdiction; or (2) withdrawing the appeal" by December 15, 2023. Dkt. No. 7. Plaintiff failed to comply with the Second Circuit's Order, and on Aril 12, 2024, the Second Circuit *sua sponte* dismissed Plaintiff's appeal for lack of jurisdiction "because neither a final order nor an order denying an injunction was issued by the district court[,]" and denied Plaintiff's motion for injunctive relief as moot. Dkt. No. 8. Plaintiff still has not filed objections to the Report-Recommendation despite the more than two months that have passed since the Second Circuit dismissed Plaintiff's interlocutory appeal.

For the reasons below, the Court[2] adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

### A. The Report-Recommendation

In the Report-Recommendation, Magistrate Judge Hummel recommended that Plaintiff's claims be dismissed for several reasons. First, Magistrate Judge Hummel found that Plaintiff had

---

filing system.

[2] This action was reassigned to the undersigned on May 31, 2024. Dkt. No. 9.

failed to state a claim with respect to each of his asserted claims.  Dkt. No. 4 at 6-7.  For example, Magistrate Judge Hummel found that Plaintiff failed to show how Title VII of the Civil Rights Act applies to his claims because "Plaintiff provides no factual support to suggest that he was an applicant for employment with the Grammys or a Grammys employee; thus, he does not show that he suffered an adverse employment action, as required to establish a *prima facie* Title VII discrimination claim."  *Id*. at 7 (citing *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001)).  Similarly, Magistrate Judge Hummel concluded that Plaintiff had "not shown that The Grammys, a private actor, was acting under the color of state law, [and thus] he cannot seek relief for a violation of any constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983")."  *Id.* (citing *White v. Monarch Pharm., Inc.*, 346 F. App'x 739, 740 (2d Cir. 2009) (summary order)).  Further, Magistrate Judge Hummel found that the Complaint failed to demonstrate the applicability of the ADA, but nevertheless considered the claim that Defendant discriminated against Plaintiff on the basis of a disability and found that claim implausible, as well.  *Id*. at 7-8.

Magistrate Judge Hummel also concluded that even if Plaintiff could somehow show that Defendant was acting under color of state law and violated his constitutional rights in 2010, when Plaintiff's Grammys membership was allegedly revoked, any Section 1983 claim would be barred by the applicable three-year statute of limitations.  *Id*. at 8.  Magistrate Judge Hummel also found that Plaintiff had not demonstrated exhaustion of his administrative remedies for his Title VII or ADA claims.  *Id.* at 8-9.

Moreover, Magistrate Judge Hummel concluded that Plaintiff failed to show that venue is proper in the Northern District of New York.  *Id*. at 9-11.  Rather, Magistrate Judge Hummel observed that Plaintiff appears to have chosen the Northern District of New York without reason, and noted that Plaintiff "has commenced a plethora of actions in various courts regarding the same

claims against the Grammys . . . that courts have dismissed as frivolous." *Id*. at 11-12 (citing *Emrit v. Nat'l Acad. of Recording Arts and Sciences*, No. A-14-CA-392-SS, 2015 WL 518774 (W.D. Tx. Feb. 5, 2015) (quoting *Emrit v. S. by Sw. Conf. (SXSW)*, No. A-14-CV-936-LY, 2014 WL 5524219, at *4 (W.D. Tx. Oct. 31, 2014) ("Within the last three years, Emrit has filed 'at least fifty[3] federal lawsuits across the country alleging a litany of frivolous claims against various defendants."))).  In this regard, Magistrate Judge Hummel found that Plaintiff may have sought to commence the instant action in this district because the Western District of Texas barred Plaintiff "from filing any additional lawsuits in the Western District of Texas without first obtaining leave" and "that the 'Southern District of New York has already barred [Plaintiff] from filing any further actions without permission from a judge of this district.'" *Id*. at 11-12 (quoting *Nat'l Acad. of Recording Arts and Sciences*, 2015 WL 518774, at *4).  Accordingly, Magistrate Judge Hummel concluded that venue in this district is improper because Defendant does not reside in New York, none of the actions alleged or injuries experienced occurred in New York, and Plaintiff had not otherwise demonstrated that this Court has personal jurisdiction over Defendant. *Id*.  Given the lack of clarity in the Complaint, Magistrate Judge Hummel found that it was appropriate to reach the merits rather than attempt to transfer the case to another district. *Id*. at 12.

Ultimately, Magistrate Judge Hummel concluded that Plaintiff's claims are frivolous and could not be cured by better pleading. *Id*. at 12-13.  In particular, Magistrate Judge Hummel noted that "Plaintiff herein seeks to raise claims that are both brought against a defendant against whom

---

[3] Magistrate Judge Hummel noted that Plaintiff is responsible for many more cases in district courts across the country, and numerous appeals therefrom, Dkt. No. 4 at 11 n.6, including another case improperly filed in this district, *Emrit v. Special Agent in Charge of FBI Field Office*, 1:22-CV-1159 (MAD/DJS), which was transferred to the Southern District of New York, *id*. at 11 n.7 ("It would appear that [P]laintiff attempted to commence that action in this District in an attempt to avoid the Southern District of New York's bar order.").

4

the statute cannot provide relief and claims barred by the statute of limitations.  Furthermore, the same claims, involving the same facts and same defendant have already been dismissed by other district courts as frivolous." *Id*. at 13.  Accordingly, notwithstanding Plaintiff's *pro se* status, Magistrate Judge Hummel recommended dismissal of the Complaint with prejudice. *Id*. at 13-14.

Finally, Magistrate Judge Hummel recommended that given Plaintiff's "history of filing significant numbers of frivolous actions," the Court should warn Plaintiff that if he files further frivolous actions in this district, a bar order in this district may be issued, as well. *Id*.

### B.  Plaintiff's Interlocutory Appeal

Plaintiff's appeal appears to seek injunctive relief from the Circuit preventing enforcement of any litigation bar order that may be imposed on him. *See* Dkt. No. 5; Dkt. No. 8 at 1 ("Appellant, pro se, moves for injunctive relief.").  Plaintiff contends that he is not a "vexatious litigant or a serial pro se litigant who files frivolous or malicious lawsuits," but rather is a "zealous advocate on his own behalf regarding discrimination he has experienced as an African-American" whose reputation is "superior to Supreme Court Justices Brett Kavanaugh, Samuel Alito, [and] Clarence Thomas, and Judge Aileen Cannon of Southern Florida." Dkt. No. 5 at ¶¶ 5-6.

## III.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See id*. at 229 (citing Fed. R. Civ. P.

5

72(b), Advisory Committee Notes: 1983 Addition).  Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing [ ] a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14,

6

2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

As Plaintiff has not objected to the Report-Recommendation, the Court reviews the Report-Recommendation's analyses and conclusions discussed above for clear error, and finds none.

Further, to the extent that Plaintiff's Notice of Interlocutory Appeal could be deemed objections, they are addressed only to Magistrate Judge Hummel's recommendation that the Court "warn plaintiff that if he is to file further frivolous actions in this district, a bar order may be recommended to be imposed." Dkt. No 4 at 14. Upon conducting a *de novo* review of that portion of the Report-Recommendation on this issue, Plaintiff's argument is without merit. Considering Plaintiff's history of filing frivolous litigation,[4] including the instant case, Plaintiff's subjective belief that his claims have merit despite the determinations of various courts to the contrary, and despite Plaintiff's belief that his reputation is superior to that of specific justices and judges, such beliefs are insufficient as objections. The Court finds that Magistrate Judge Hummel's recommendation that the Court issue this warning is appropriate under the circumstances.

## V. CONCLUSION

For these reasons, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 4, is **ADOPTED in its entirety**; and the Court further

---

[4] The Court notes that in addition to the *Special Agent in Charge* case discussed in the Report-Recommendation, *see supra* n.3, Plaintiff has filed at least one other case in this District improperly, and as a result has already been "warned that, if he continues his abusive litigation practices in this District, the undersigned will refer him to the Chief Judge of this District with a recommendation that she issue against him a Pre-Filing Order (enjoining him from filing documents pro se without prior leave of the Court)." *Emrit v. Combs et al.*, No. 1:24-cv-00028 (GTS/CFH), Dkt. No. 5 (N.D.N.Y. Feb. 12, 2024).

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED with prejudice in its entirety**; and the Court further

**ORDERS** that Plaintiff is **WARNED that if he files further frivolous actions in this District, the Court may recommend that a bar order be imposed**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: June 21, 2024
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge